# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARSHA GARDNER, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-365 |
| MARYLAND MASS TRANSIT ADMINISTRATION, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM

On March 27, 2017, Plaintiff brought this action against the Maryland Mass Transit Administration ("MMTA"), the State of Maryland ("the State"), Elmer Coppage,[1] Roland Carroll, and Lattice Lee in the Circuit Court for Baltimore City. (Notice of Removal p. 2 ¶ 1, ECF No. 1.) Plaintiff filed a second amended complaint on February 2, 2018. (Second Am. Compl., ECF No. 22.) All Defendants removed by consent on February 6, 2018. At the time the case was removed, several motions were ripe and pending before the Circuit Court. Defendant Lee had moved to dismiss Plaintiff's original complaint on September 15, 2017 (ECF No. 6) and to dismiss Plaintiff's first amended complaint on November 30, 2017 (ECF No. 16), Plaintiff had moved to stay proceedings on December 29, 2017 (ECF No. 19) and again on February 2, 2018 (ECF No. 23).

---

[1] Plaintiff named "Elmore" Coppage as a Defendant but the correct spelling of Mr. Coppage's name is Elmer. (*See* Mot. Dismiss Mem. Supp. 1, n.1, ECF No. 30-1.)

After removal to this Court, the State, MMTA, Mr. Coppage and Mr. Carroll ("the Defendants")[2] filed a motion to dismiss Plaintiff's second amended complaint. (Mot. Dismiss, ECF No. 30.) Plaintiff responded in opposition to the Defendants' motion to dismiss on March 23, 2018 (ECF No. 38), and the Defendants responded in opposition to Plaintiff's second motion to stay on the same day (ECF No. 37). The Defendants replied in support of their motion to dismiss on April 6 (ECF No. 39) and Plaintiff replied in support of her second motion to stay on the same day (ECF No. 40). Therefore, the Defendants' motion to dismiss and Plaintiff's motions to stay are ripe. The Court will deny as moot Plaintiff's first motion to stay because it requests the same relief as Plaintiff's second motion to stay. The Court will dismiss Plaintiff's Title VII claim for lack of subject-matter jurisdiction, and dismiss her other federal cause of action because she fails to state a claim upon which relief can be granted. As Plaintiff's other claims are state law claims and the parties are not diverse, the Court will decline to exercise supplemental jurisdiction over those claims, will remand the case to the Circuit Court, and will decline to rule on Defendant Lee's pending motions to dismiss.

**I.** *Background*[3]

Plaintiff worked for the MMTA originally as a bus driver and then as an instructor. (Second Am. Compl. ¶ 7-8.) She started experiencing hostility at work in 2015, after she became certified as a union instructor. (*Id.* ¶ 10.) She experienced sexually charged and unwelcome behavior from several of her colleagues and supervisors, including Mr. Carroll, who she worked with as an instructor, Mr. Coppage, who was Mr. Carroll's supervisor, and Ms. Lee, who was Mr. Coppage's secretary. (*See id.* ¶¶ 10, 12-13, 21, 23, 27.) Plaintiff complained of this

---

[2] Ms. Lee has not joined these Defendant's motion to dismiss and is represented by separate counsel. As this motion primarily concerns the disposition of the motion filed by these Defendants the Court refers to them as "the Defendants."

[3] The facts are recited here as alleged by Plaintiff, as this memorandum is evaluating a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

2

behavior to Mr. Coppage, but the email that she sent was "mysteriously deleted" from her account. (*Id.* ¶ 17.) Mr. Coppage then stopped assigning candidates for Plaintiff to train, and he never satisfactorily dealt with Plaintiff's complaints. (*Id.* ¶¶ 26, 29.) He "falsely wr[ote] [Plaintiff] up for 'reluctance to facilitate'" for demonstrating "favoritism among candidates, and [for] other patently bogus claims and charges." (*Id.* ¶ 32.) In March of 2016, Ms. Lee "falsely accused [Plaintiff] of making advances towards her husband, who had been a trainee," and Ms. Lee spread these "unfounded rumors about Plaintiff." (*Id.* ¶¶ 29-30.) Ultimately, Plaintiff was demoted and sent back to being a bus operator (a position with lower pay) on March 27, 2016. (*Id.* ¶ 33.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 20, 2017, alleging retaliation. (Charge of Discrimination, Second Am. Compl. Ex. 1, ECF No. 22-1.) Two months later, Plaintiff filed a lawsuit against the MMTA, the State, Mr. Coppage, Mr. Carroll, and Ms. Lee in the Circuit Court for Baltimore City. (Compl., ECF No. 2; *see* Notice of Removal p. 2 ¶ 1 (stating that the lawsuit was first filed on March 27, 2017).) Plaintiff brought four state law causes of action in her original complaint.

There was fairly significant activity in the state court prior to removal. (*See* Notice of Removal ¶ 2 (detailing what the State, the MMTA, Coppage, and Carroll have been served with in state court).) In fact, almost a year of state court litigation passed before the case was removed to this Court. Several motions were filed, including two motions to dismiss by Defendant Lee and two motions to stay brought by Plaintiff. Plaintiff amended her complaint (for a second time) on February 2, 2018, and added two state law causes of action as well as two federal law causes of action. Even though she had not received a notice of right to sue (a "right-to-sue letter") from the EEOC, she asserted a claim under Title VII of the Civil Rights Act of

3

1964, 42 U.S.C. § 2000e-3. Plaintiff alleged that at the time she filed her second amended complaint, at least 180 days had passed since she filed her charge of discrimination. (Second Am. Compl. ¶ 38.) She does not allege that she ever requested a right-to-sue letter. She asserts in her opposition to the Defendants' motion to dismiss, and in her motions to stay, that the EEOC is still processing her complaint. Her second amended complaint also included a second federal claim, for retaliation in violation of 42 U.S.C. § 1981.

The Defendants, with the consent of Ms. Lee, removed the case to this Court after Plaintiff added these two federal claims, asserting federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. None of the parties in this action are diverse: they are all citizens of Maryland. Having set forth the factual and procedural history of this case, the Court will now turn to the disposition of the Defendants' motion to dismiss and Plaintiff's second motion to stay.

## II.    *Standard*

The burden of proving subject-matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where, as here, the Defendants have raised a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219); *see Adams*, 697 F.2d at 1219 (explaining difference between facial and factual challenges to subject-matter jurisdiction).

"The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint." *Brown v. Rapid Response Delivery, Inc.*, 226 F. Supp. 3d 507, 510 (D. Md. 2016) (internal quotation marks omitted). The Court will accept all plausible factual allegations by the Plaintiff as true. *E.I. du*

*Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). But, that "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Id.*

The Court has discretion whether to grant a motion to stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes [sic] on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

### III. *Analysis*

The Court will first explain why Plaintiff's federal law claims will be dismissed and why it will not stay the case, and then turn to why it will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and therefore why the Court will remand the case to state court. Plaintiff has brought two federal claims in her second amended complaint. The first is a Title VII claim, but the Court will dismiss that claim for lack of subject-matter jurisdiction because Plaintiff has not alleged receipt of, or entitlement to, a right-to-sue letter.

Generally speaking, a plaintiff must wait until the EEOC has issued a right-to-sue letter before she can bring her Title VII case to court. *See* 42 U.S.C. § 2000e-5(f)(1); *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995). Receipt of a right-to-sue letter is often considered a jurisdictional prerequisite. *Id. But see Brown v. McKesson Bioservices Corp.*, No. Civ.A. DKC2005-0730, 2006 WL 616021, at *3-*5 (D. Md. Mar. 10, 2006) (discussing how the Fourth Circuit "has, at times, treated an exhaustion issue as non-jurisdictional"). But, in certain circumstances, a court may exercise subject-matter jurisdiction over a Title VII claim when the EEOC has *not* issued a right-to-sue letter. *See Davis*, 48 F.3d at

140 (noting that "receipt of, *or at least entitlement to*, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." (emphasis added)); *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093 (4th Cir. 1982).

The Fourth Circuit first held that a court could exercise subject-matter jurisdiction over a Title VII claim when the plaintiff has not received a right-to-sue letter in *Perdue v. Roy Stone Transfer Corporation*. In that case, the plaintiff filed a charge of discrimination against her employer alleging discriminatory failure to hire. 690 F.2d at 1092. The EEOC processed the charge, and the employer ultimately agreed to a settlement. The employer, however, did not abide by the terms of the settlement, but the EEOC, despite multiple requests from the plaintiff, did not issue a right to sue letter. *Id.* The plaintiff ultimately brought suit anyway. *Id.* The district court dismissed for lack of jurisdiction because the plaintiff did not have a right-to-sue letter, but the Fourth Circuit reversed.

The Fourth Circuit explained "that actual issuance of a 'right to sue' letter by the EEOC and receipt of such notice by a charging party is [not] a sine qua non of federal jurisdiction under § 2000e-5(f)(1)." *Id.* at 1093. The court further explained that the EEOC is required to issue a right-to-sue letter by statute, and that a "Title VII complainant is not charged with the commission's failure to perform its statutory duties." *Id.* (quoting *Russell v. Am. Tobacco Co.*, 528 F.2d 357, 365 (4th Cir. 1975)). Thus, the court held, "it is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under § 2000e-5(f)(1)." *Id.*

The Fourth Circuit went on to discuss three policies behind the right-to-sue letter requirement. *Id.* at 1094. First, "by forestalling litigation until [the] EEOC has had time to explore the possibility of conciliation, the notice requirement reflects Title VII's emphasis on

6

private dispute-resolution." *Id.* Second, it prevents "concurrent proceedings in the EEOC and the courts." *Id.* Finally, the issuance of the right-to-sue letter "initiates the running of [Title VII's 90 day] statute of limitations for private actions." *Id.* The court therefore held that because the EEOC was statutorily required to issue a right-to-sue letter, plaintiff had requested such a letter, and the commencement of suit in federal court would not conflict with the EEOC's proceedings, the district court was in error to dismiss the case for lack of subject-matter jurisdiction.

Thus, after *Perdue*, in addition to cases where a plaintiff has received a right-to-sue letter, courts in the Fourth Circuit may exercise subject-matter jurisdiction over Title VII actions when the plaintiff is "entitled" to a right-to-sue letter. The question, then, is *when* is a plaintiff "entitled" to a right-to-sue letter for the purposes of satisfying Title VII's jurisdictional prerequisites?

One answer is that a plaintiff is entitled to a right-to-sue letter at the earliest date, according to the statute and EEOC regulations, that a plaintiff *could* receive one. Under the statute, the EEOC "shall so notify" a charging party of the disposition of her charge in two instances: when the charge has been dismissed, or when 180 days have passed since she filed her charge and the EEOC or Attorney General has not brought suit against, or entered a conciliation agreement with, the respondent. 42 U.S.C. § 2000e-5(f)(1). In Maryland, a State that has laws prohibiting certain employment practices and an agency that provides relief when those laws have been violated, the EEOC shall notify the charging party within 240 days if there has been no conciliation agreement or civil action. *See id.* (referencing 42 U.S.C. § 2000e-5(c)); *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 714 (D. Md. 2013). Under the EEOC's regulations, if a charging party requests, in writing, that the EEOC issue a right-to-sue letter and

the 180 (or 240) day window has passed, the EEOC "shall promptly issue such notice." 29 C.F.R. § 1601.28(a)(1). If the charging party has filed charges against a government agency, the EEOC will only send the right-to-sue letter if the charge is dismissed; if the case is not dismissed but the 180 (or 240) day window passes and the charging party sends written request, the Attorney General will send the right-to-sue letter. 29 C.F.R. § 1601.28(d).

Thus, under the "could receive" approach, a plaintiff would be "entitled" to a right-to-sue letter on the 181st (or 241st) day after she filed her charge of discrimination. In other words, a plaintiff could bring suit in federal court 181 (or 241) days after filing a charge of discrimination, regardless of what is occurring at the EEOC. Some courts appear to have read *Perdue* this broadly. *See Weathersbee v. Baltimore City Fire Dep't*, 970 F. Supp. 2d 418, 426 n.5 (D. Md. 2013) (citing *Perdue* and then stating "If the required time period elapses, the jurisdictional prerequisites are satisfied"); *Young v. H.R.B.-Singer, Inc.*, No. Civ.A. M-83-390, 1983 WL 30301, at *2 ("[I]f 240 days has passed since the time the plaintiff filed a charge, but the plaintiff has not received a 'right to sue' notice from the EEOC even though otherwise entitled to it, the plaintiff may now properly, and is entitled to, bring suit in federal court.").

The Court, however, finds that this reading of *Perdue* is too broad. There will undoubtedly be instances where 180 (or 240) days pass after a charge of discrimination is filed, but the EEOC does not finish its attempts to resolve the case informally. In such a case, even though an aggrieved party is technically "entitled to notice from the EEOC," *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999), the reason behind allowing a plaintiff to come to court without a right-to-sue letter erodes: proceeding in court would squelch informal attempts at resolution and those proceedings would occur concurrently with proceedings at the EEOC. *See Soble v. Univ. of Md.*, 572 F. Supp. 1509, 1517 (D. Md. 1983)

8

(noting that it is "[t]he passage of the conciliatory period [that] is viewed as a prerequisite to filing suit alleging Title VII claims").

The Court finds that a better answer to when a plaintiff is "entitled" to a right-to-sue letter is not when she "could receive" the letter, but when she "should receive" the letter. When a plaintiff "should" receive such a letter will vary from case to case, but the basic thrust is this: a plaintiff should receive a right-to-sue letter only after the EEOC has ceased handling the case. So, according to EEOC regulations discussed above, if 180 (or 240) days have passed since a charging party filed her charge, she can request a right-to-sue letter, which essentially informs the EEOC that its time is up: it (or the Attorney General) must "promptly" issue a right-to-sue letter, regardless of where it is in its investigation. *See* 29 C.F.R. §§ 1601.28(a)(1), 1601.28(d). If the EEOC ends its investigation, or had finished actively handling the case when plaintiff requested the letter, but it (or the Attorney General) fails to send the requested letter, then the court may take jurisdiction over the case without the danger of stepping on the EEOC's toes.

This "should receive" approach does not mean that a court will only have jurisdiction over a Title VII case if a plaintiff has a right-to-sue letter or has appropriately requested one. A plaintiff may be able to allege other facts demonstrating that proceedings at the EEOC have ended (or never commenced). *See Soble*, 572 F. Supp. at 1517 ("When, however, the plaintiff is requesting preliminary relief or when the EEOC's workload precludes consideration within the statutory conciliation period, courts have considered the plaintiff's Title VII claims despite the fact that the conciliatory period had not expired."). Nor does this approach mean that a court will only have jurisdiction over a Title VII claim if the plaintiff has waited more than 180 (or 240) days for her right-to-sue letter. Under the statute, the EEOC is required to notify the charging party after it dismisses a charge, whenever that occurs. So, if the EEOC dismissed a

charge one week after issuance but the plaintiff could demonstrate that the EEOC failed to send notice, a court could possibly exercise jurisdiction over her claim well *before* 180 (or 240) days have passed. By placing the emphasis on the status of the EEOC proceedings, this interpretation protects plaintiffs who are entitled to a right-to-sue letter but have not physically received one due to a failure by the agency, *see, e.g.*, *Kahn v. Pepsi Cola Bottling Grp.*, 526 F. Supp. 1268, 1270 (E.D.N.Y. 1981) (plaintiff requested right-to-sue letter but EEOC misplaced the file), but does not result in a situation where a court takes jurisdiction over a case while EEOC proceedings are ongoing only because 180 (or 240) days have passed since the charge was filed.

The case before the Court would be such an instance. Plaintiff alleged in her complaint that she filed a charge of discrimination on January 20, 2017, and that 180 days passed before she filed her second amended complaint. (Second Am. Compl. ¶¶ 37-38.) In fact, 378 days passed before Plaintiff asserted her Title VII claim in court. But she stated in her motion to stay and in her opposition to the Defendants' motion to dismiss that her "employment discrimination complaint is with the EEOC and the agency investigation remains ongoing, and no right-to-sue letter has yet been issued." (Pl.'s Second Mot. Stay p. 1 ¶ 3, ECF No. 23; *see* Opp'n Mot. Dismiss at 1 ("The complaint is currently pending before the EEOC and is in the investigative phase.")). Plaintiff does not allege or argue that she requested a right-to-sue letter, or that she should have her right-to-sue letter but for some failure of the EEOC. In fact, she argues the opposite; that the EEOC is actively processing her case and engaged in settlement negotiations. (*See* Opp'n Mot. Dismiss at 11.)

The Court therefore finds that, although more than 240 days have passed since Plaintiff filed her charge of discrimination with the EEOC, the Court does not have subject-matter jurisdiction over her Title VII claim. That is, the Court holds that because Plaintiff has not

alleged facts demonstrating that she *should* have a right-to-sue letter, Plaintiff is not "entitled" to a right-to-sue letter for purposes of establishing subject-matter jurisdiction, and therefore the Court lacks subject-matter jurisdiction. To hold otherwise would potentially interfere with what Plaintiff asserts is an ongoing EEOC investigation, and would potentially result in concurrent proceedings in this forum and that agency.

Plaintiff seems to think that she is caught in a "Catch-22" where she must prematurely assert her Title VII claims, risk the expiration or her state law claims, or cede arguments to the Defendants regarding her ability to bring federal discrimination claims at all. (*See* Opp'n Mot. Dismiss 11.) The Court is unclear as to Plaintiff's argument in this regard, but insofar as Plaintiff may be caught in some "Catch-22," the Court will note that it is not one of the Court's making, nor anything the Court can do much about: Congress has set the parameters for when this Court can exercise jurisdiction over a Title VII claim, the Maryland legislature has prescribed statutes of limitation for Plaintiff's state law claims, and the Supreme Court has explained that Title VII's administrative exhaustion process does not toll the clock. *See Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 465-66 (1975).

Further, Plaintiff requests that the Court stay the case pending EEOC's resolution of the matter, *i.e.* until Plaintiff has a right-to-sue letter. The Court will not do so for at least two reasons. First, the Court is dismissing Plaintiff's Title VII claim for lack of subject-matter jurisdiction, which is to say that the Court does not have the Congressionally-provided power to hear this claim. The Court should not arrogate unto itself that power only to wait for the conditions to arise in which it *would* have the blessing of Congress to hear the claim.[4] Second, it

---

[4] In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975), the Supreme Court stated that "[o]ne answer to [the problem of Title VII administrative exhaustion requirements not tolling the statute of limitations for a Section 1981 claim] is that the plaintiff in his § 1981 suit may ask the court to stay proceedings until the administrative efforts at conciliation and voluntary compliance have been completed." 421 U.S. at 465. Here however, and as the

11

is not certain that those conditions will ever arise in this case. An important reason the Court is instructed to wait for the EEOC to finish its process is that the EEOC could reach an informal resolution of this case, thus avoiding the need for litigation. The Court will deny Plaintiff's second motion to stay and dismiss Plaintiff's Title VII claim without prejudice for lack of subject-matter jurisdiction.

Plaintiff's second federal claim is brought under 42 U.S.C. § 1981. However, "[r]elief under § 1981 is limited to correcting *racial* discrimination." *Patterson v. Am. Tobacco Co.*, 535 F.2d 257, 270 (4th Cir. 1976) (emphasis added). Plaintiff has nowhere alleged racial discrimination. The Court will therefore dismiss Plaintiff's Section 1981 claim. It appears that Plaintiff has conceded that her Section 1981 claim has no legal merit, as she does not provide any argument in her opposition in response to the Defendants' contentions that it should be dismissed.

The remainder of Plaintiff's claims—the bulk of her second amended complaint—are state law claims. The Defendants ask this court to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. (*See* Notice of Removal p. 4 ¶ 7.) The Court will decline to do

---

Court will discuss shortly, Plaintiff's Section 1981 claim is clearly meritless. So, although the Court may on occasion stay a case involving a plausible federal claim pending administrative resolution of another, related, federal claim, the logic behind doing so does not support the Court taking jurisdiction over a state-law case and staying the proceedings to wait for some federal claim to ripen, which is what Plaintiff is effectively asking the Court to do here. The Court also will note that it is well aware that courts will take jurisdiction over Title VII claims when plaintiffs do not allege receipt of (or entitlement to) a right-to-sue letter, but then present one early on in the proceedings, for example in response to a motion to dismiss. *See Halim v. Duke*, Civil Action No. WMN-11-2265, 2011 WL 5980471, at *2 (D. Md. Nov. 28, 2011) (plaintiff did not allege receipt of right-to-sue letter, but then in response to a motion to dismiss "and to 'make the defendants happy,' [plaintiff] requested and received the right to sue letter," and the court found that it had jurisdiction over the case). But that is not the case here. Plaintiff did not have a right-to-sue letter when she filed suit, and still cannot show receipt of, or entitlement to, a right to sue letter, and the Defendants have moved to dismiss in part on that ground. *Cf. Causey v. Balog*, 929 F. Supp. 900, 908 (D. Md. 1996) (noting, in case where plaintiff did not allege receipt of right-to-sue letter but received one after filing suit, that "defendants accordingly could have moved to dismiss these claims at any time from . . . when this suit was filed, until [when the right-to-sue letter was received]"); *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) (finding that district court properly retained jurisdiction over a case where plaintiff failed to allege receipt of right-to-sue letter but received one after commencement of the suit, and noting that "[p]remature suits are always subject to a motion to dismiss and there was none here").

so. The only reason this case, which otherwise concerns state common law and state statutory claims, is in this Court is because Plaintiff prematurely asserted a Title VII claim and mistakenly, it seems, asserted a Section 1981 claim. The Court finds that it would be inappropriate to adjudicate in this forum what is at heart a state law case when the federal hook is so slight, and so quickly dispatched. Therefore, the Court will remand the case to state court. *See* 28 U.S.C. § 1367(c)(2) and (3) (a district court "may decline to exercise supplemental jurisdiction . . . if . . . the [supplemental] claim substantially predominates over the claim or claims over which the district court has original jurisdiction [and if] the district court has dismissed all claims over which it has original jurisdiction."); 13 D Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3567 (3d ed., April 2018 Update) ("The commonest example of when a court might decline supplemental jurisdiction is when the jurisdiction-invoking claim is dismissed relatively early in the proceedings.").

**IV.** *Conclusion*

The Court will dismiss without prejudice Plaintiff's Title VII claim (Count VII of Plaintiff's second amended complaint) under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. The Court will dismiss Plaintiff's Section 1981 claim (Count VIII of Plaintiff's second amended complaint) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As these are the only federal causes of action, and they have been dismissed at this early stage and the state law claims predominate, the Court will decline to exercise supplemental jurisdiction over the remaining claims and will remand the case to the Circuit Court for Baltimore City. The Court passes no judgment on Defendant Lee's motions to dismiss.

DATED this 11th day of May, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

14